UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LESLIE ANN SOTO PEREZ,

    Plaintiff,

v.                                           Case No.:  6:22-cv-710-RBD-KCD

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## **REPORT & RECOMMENDATION**

Plaintiff Leslie Ann Soto Perez sues under 42 U.S.C. § 405(g) to challenge the Commissioner of Social Security's decision denying her application for supplemental security income. (*See* Doc. 1.)[1] For the reasons below, the Commissioner's decision should be affirmed.

## **I. Background**

Perez filed for disability benefits in 2014, claiming she could no longer work because of back injuries and depression. (Tr. 85.)[2] Since her application has been pending for nearly nine years, there is a long procedural history. The Court hits the highlights relevant to its review.

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

[2] Citations to the administrative record are designated by "Tr." followed by a pin-cite where applicable.

Perez's initial application was denied and went through the administrative process. (*See* Doc. 22 at 1.) An unfavorable decision in December 2017 was appealed to this Court and Perez won. (Tr. 1063-71.) Because of errors in the administrative law judge's ("ALJ") assessment of certain evidence from a vocational expert, the case was remanded for further review. (*Id.* at 1070.)

The Commissioner held another hearing where the ALJ issued a partially favorable decision. The ALJ found Perez became disabled on December 14, 2019, but was not disabled before that date. (Tr. 1082-1114.) Perez again appealed and won. The case was sent back to the ALJ for a third time to assess whether Perez was disabled prior to the declared onset date. (*Id.* at 1115-20.)

Following this second remand, the ALJ issued the unfavorable decision now under review. (Tr. 954-92.)[3] He found that Perez had severe impairments of "degenerative disc disease of the cervical and lumbar spine; major depressive

---

[3] An individual claiming disability benefits must prove that she is disabled. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). "The Social Security Regulations outline a five-step, sequential evaluation process used to determine whether a claimant is disabled: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).

disorder; generalized anxiety disorder; and migraines." (*Id.* at 963.) Still, the ALJ concluded Perez had the residual functional capacity ("RFC") to perform "light work as defined in 20 CFR 416.967(b)." (*Id.* at 967.) To account for Perez's physical and mental impairments, he added these additional limitations:

> [S]he can occasionally climb ramps and stairs, and never climb ladders, ropes or scaffolds. She can occasionally balance, stoop, kneel, crouch and crawl. She can frequently reach in all directions with her bilateral upper extremities. She can frequently handle and finger with her bilateral upper extremities. She can never work in loud or very loud environments. She must avoid more than frequent exposure to vibration, pulmonary irritants such as fumes, odors, dusts, gases and poor ventilation, and work place hazards such as moving machinery, moving mechanical parts and unprotected heights. She can make simple work related decisions and she can perform simple, routine tasks.

(*Id.*)

After considering the RFC and other evidence, including the testimony of a vocational expert, the ALJ determined that Perez could perform jobs "that exist in significant numbers in the national economy." (Tr. 982.) The ALJ thus found Perez not disabled during the relevant timeframe—*i.e.*, from 2014 to 2019. The Commissioner denied further administrative review, and this lawsuit timely followed. (*See* Doc. 1.)

## II. Standard of Review

Review of the Commissioner's (and, by extension, the ALJ's) decision denying benefits is limited to whether substantial evidence supports the factual findings and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *see also Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). It is more than a mere scintilla but less than a preponderance. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). The Supreme Court recently explained, "whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek*, 139 S. Ct. at 1154.

When determining whether the ALJ's decision is supported by substantial evidence, the court must view the record as a whole, considering evidence favorable and unfavorable to the Commissioner. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). But the court may not reweigh the evidence or substitute its judgment for that of the Commissioner. And even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Finally, "[u]nder a substantial evidence standard of review, [the claimant] must do more than

4

point to evidence in the record that supports [her] position; [she] must show the absence of substantial evidence supporting the ALJ's conclusion." *Sims v. Comm'r of Soc. Sec.*, 706 F. App'x 595, 604 (11th Cir. 2017).

### III. Analysis

Perez presses a single issue on appeal. She claims the ALJ did not properly analyze a medical opinion offered by Dr. Daniel Biedo. (*See* Doc. 22 at 5.) To put this argument in perspective, some additional background is needed.

In May 2016, Dr. Biedo completed an application for Perez to receive a disabled parking permit from the Florida Department of Highway Safety and Motor Vehicles. (Tr. 744.) In the application, Dr. Biedo checked a box certifying that Perez has a "severe limitation in [her] ability to walk due to an arthritic, neurological or orthopedic condition." (*Id.*) Dr. Biedo also checked a box that recommended Perez receive a permit because she could not walk 200 feet without stopping to rest. (*Id.*) The application contains no other information, such as what evidence Dr. Biedo relied on to find these limitations. (*Id.*)

In his decision, the ALJ reviewed the permit application from Dr. Biedo and explained:

> The disabled parking permits from Dr. Pascual and Dr. Biedo and the statements made in the corresponding documents are given little weight. These doctors failed to indicate what evidence they relied upon when coming to their conclusions. In fact, the record shows great improvement in the claimant's condition following her April 2017 surgery, with

> diagnostic images of the back and neck showing no evidence of stenosis or nerve root disturbance and evaluations typically showing a normal gait and full strength and range of motion in her extremities.

(Tr. 980.)[4]

Turning back to Perez's argument, she claims the "ALJ's reason for rejecting Dr. Biedo's opinion is not based on the correct legal standards." (Doc. 22 at 7.) Dr. Biedo is a treating physician, and so according to Perez, it was not enough for the ALJ to rely on the absence of evidence in the permit application. Instead, the ALJ "should have interpreted Dr. Biedo's opinion in light of his treatment notes." (*Id.*) Also, the back surgery cited by the ALJ came a year after Dr. Biedo's opinion. Yet the ALJ "failed to provide any reasons as to why he was rejecting Dr. Biedo's opinion for the time period prior to [the] lumbar spine surgery." (*Id.*) Perez concludes that "Dr. Biedo's opinion was important to [her] claim for benefits" because it undermined the ALJ's finding that she could perform light work. (*Id.* at 8.)

"Medical opinions are statements from acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [her] symptoms, diagnosis and prognosis, what [she] can still do despite impairment(s), and [her] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(1). When Perez applied for benefits, administrative law

---

[4] Perez is not contesting the ALJ's rejection of Dr. Pascual's opinion.

6

judges were instructed to defer to a claimant's treating physician "unless there was good cause not to." *Harner v. Soc. Sec. Admin., Comm'r*, 38 F.4th 892, 896 (11th Cir. 2022). "Absent good cause, the opinions of treating physicians must be accorded substantial or considerable weight." *Choquette v. Comm'r of Soc. Sec.*, 695 F. Supp. 2d 1311, 1329-30 (M.D. Fla. 2010).

Good cause exists when the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). "With good cause, an ALJ may disregard a treating physician's opinion, but he must clearly articulate [the] reasons for doing so." *Id.*

As mentioned, the ALJ found good cause to reject Dr. Biedo's opinions because they were conclusory and offered no explanation for the purported limitations. Contrary to Perez's claim, this is a valid basis to discredit a treating physician's conclusions. *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004) ("A treating physician's report may be discounted when it is not accompanied by objective medical evidence or is wholly conclusory."). When a doctor merely completes forms regarding a patient's limitations without referencing anything more, as here, an ALJ may decide the opinions are not entitled to controlling weight. *See Edwards v. Sullivan*, 937

7

F.2d 580, 583 (11th Cir. 1991) (upholding ALJ's decision not to rely on treating doctor's findings when the report contained "clinical data or information to support his opinion"); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1240 (11th Cir. 1983) ("[T]he opinion of a treating physician may be rejected when it is so brief and conclusory that it lacks persuasive weight[.]"); *Cochran v. Kijakazi*, No. 2:21-CV-3-SMD, 2022 WL 4131094, at *5 (M.D. Ala. Sept. 12, 2022) ("The Eleventh Circuit has consistently rejected conclusory medical opinions in similar pre-printed questionnaires as immaterial."); *Winters-Baker v. Colvin*, No. 3:14CV359/CJK, 2015 WL 5635243, at *8 (N.D. Fla. Sept. 18, 2015) ("Where an opinion, even that of a treating physician, is offered on a form that does not detail evidence in the record supporting the work-related limitations identified, such opinion will not bind the Commissioner.").

Perez tries to avoid the conclusory nature of Dr. Biedo's opinions by claiming the ALJ was required to compare them with her treatment notes. *See Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1262 (11th Cir. 2019) (faulting the ALJ for not interpreting a treating physician's "check box" opinions "in light of their treatment notes"). But this argument falls short because Dr. Biedo's records hardly help her. On the day Dr. Biedo completed the parking application, he noted that Perez had normal musculoskeletal findings, including normal upper extremities, lower extremities, and back, and no swelling or tenderness to palpation. (Tr. 764.) Perez also had a full range of

motion in her lower extremities, as well as full muscle strength (five out of five) in all planes. (*Id.*) Then, just a few months later, Perez reported no pain, and the only musculoskeletal finding was moderate tenderness to the lumbar spine. (Tr. 751-752; *see also* Tr. 969 (noting that Perez's mother reported she "could walk a mile without stopping").) Perez points to nothing in her treatment history where Dr. Biedo found physical limitations matching his opinions from the parking application—*i.e.*, that Perez could not walk. In fact, considering the evidence cited above, the ALJ would have been justified in rejecting Dr. Biedo's conclusions based on their inconsistency with the treatment records. *See Gjertsen v. Comm'r of Soc. Sec.*, No. 2:17-CV-48-FTM-CM, 2018 WL 1313118, at *4 (M.D. Fla. Mar. 14, 2018) (rejecting DMV permit application where it was inconsistent "with the doctor's own medical records"); *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997) ("We will not disturb the Commissioner's decision if, *in light of the record as a whole*, it appears to be supported by substantial evidence." (emphasis added).)

All of this is ultimately semantics because, even assuming there was error with the ALJ's treatment of Dr. Biedo, Perez has shown no prejudice. There is no rigid requirement that the ALJ mention every piece of evidence in his decision, so long as the ALJ's decision enables the court "to conclude that [he] considered [the claimant's] medical condition as a whole." *See Dyer*, 395 F.3d at 1211. If an ALJ makes clear that he considered a physician's opinion,

9

and that the findings were consistent with the opinion, then there is no harmful error. *See Wright v. Barnhart*, 153 F. App'x 678, 684 (11th Cir. 2005) ("[W]hen an incorrect application of the regulations results in harmless error because the correct application would not contradict the ALJ's ultimate findings, the ALJ's decision will stand."); *see also Laurey v. Comm'r of Soc. Sec.*, 632 F. App'x 978, 987 (11th Cir. 2015) (finding error in assessing a medical opinion harmless where "nothing in the ALJ's decision [was] inconsistent with it").

Perez claims there is prejudice because Dr. Biedo's opinion contradicts the RFC finding that she could perform light work. (Doc. 22 at 8-9). Not so. *See Johns v. Comm'r of Soc. Sec.*, No. 6:19-CV-1329-ORL-DCI, 2020 WL 4366081, at *4 (M.D. Fla. July 30, 2020) (finding the same parking application did not conflict with a light work designation). Light work requires "standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." Social Security Ruling 83-10. But "[m]any unskilled light jobs are performed primarily in one location, with the ability to stand being more critical than the ability to walk." *Id.* Dr. Biedo limited Perez in terms of distance she could walk and did not address how much time she could stand or walk continuously. Also, Dr. Biedo's opinion that Perez could walk no more than 200 feet without rest did not specify how long this rest period would be. Thus, the Court cannot conclude the parking application undermines the ALJ's finding that Perez

10

could stand and walk, off and on, for a combined total of six hours in an eight-hour workday. At bottom, the limitations in the parking permit do not align with conditions for light work such that they are inconsistent. *See, e.g., Perez v. Comm'r of Soc. Sec.,* No. 5:21-CV-536-PRL, 2023 WL 2401308, at *5 (M.D. Fla. Mar. 8, 2023).

The standard of review here is "whether the ALJ's conclusion as a whole was supported by substantial evidence in the record." *Dyer*, 395 F.3d at 1211. The ALJ thoroughly summarized much of Dr. Biedo's treatment history with Perez and explained how the evidence demonstrated that she could stand and walk as specified in the RFC. (*See* Tr. 967-82.) Perez has failed to demonstrate how any error with the parking permit undermines this conclusion. Accordingly, the ALJ's decision should be affirmed. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) ("If the Commissioner's decision is supported by substantial evidence we must affirm, even if the proof preponderates against it.").

For the reasons above, it is **RECOMMENDED** that the Commissioner be **AFFIRMED** and judgment be entered against Perez.

**ENTERED** in Fort Myers, Florida on April 18, 2023.

Kyle C. Dudek
United States Magistrate Judge

Copies:   All Parties of Record

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.